UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,        No.1:08-CR-274-21

v.

ROBERTO ESPINOSA FARIAS,    Hon. Paul L. Maloney
                 Chief United States District Judge

    Defendant.
_____/

## **PLEA AGREEMENT**

The United States of America by and through Donald A. Davis, United States Attorney for the Western District of Michigan, and Assistant United States Attorney Brian P. Lennon, and Defendant Roberto Espinosa Farias, and his attorney, Donna J. Innes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement resolving this matter by a plea of guilty under the following terms and conditions:

  1.  <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count One of the Third Superseding Indictment charging him with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

  2.  <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true: (1) that Defendant conspired or agreed with at least one other person -- including but not limited to Charles Jackson Sr., and Donnie Charles -- to commit the crime of distribution and possession with intent

to distribute cocaine; (2) that Defendant knowingly and intentionally joined the conspiracy; and (3) that the overall conspiracy involved five (5) kilograms or more of cocaine.

3. <u>Defendant Understands the Penalties</u>. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1) is: life imprisonment, a lifetime term of supervised release; a fine of $4,000,000; and a mandatory special assessment of $100. Defendant further understands that the statutory mandatory minimum sentence that the Court must impose is 10 years' imprisonment, followed by a five-year term of supervised release, and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Defendant Understands Supervised Release</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Stipulations As To Facts And Drug Quantity</u>. The United States Attorney's Office and Defendant stipulate to the facts stated below with the understanding that, pursuant to USSG § 6B1.4(d), neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United

States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

    A.    That between the dates set forth in Count One of the Third Superseding Indictment, Defendant acquired over five (5) kilograms of cocaine in the State of California and distributed the cocaine to Co-Defendants Charles Jackson, Sr. and Donnie Charles (a/k/a "D").

    B.    That on or about February 17, 2008, in Carson, CA, Co-Defendant Donnie Charles delivered approximately $80,000 in U.S. currency to Defendant, and that this money constituted payment for five (5) kilograms of cocaine.

    C.    That while Defendant has no personal knowledge of how or to whom Charles Jackson, Sr. and Donnie Charles (a/k/a "D") further distributed the cocaine, Defendant cannot dispute the government's allegation that this cocaine was transported by others to the State of Michigan, where it was further distributed in both the Eastern and Western Districts of Michigan, as alleged in the Third Superseding Indictment.

6.    The United States Attorney's Office Agrees:

    A.    *Not To Oppose Acceptance of Responsibility.* Not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that Defendant has assisted authorities in the investigation

3

or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, hereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

B. *Not To File Notice of Defendant's Prior Felony Drug Convictions.* The U.S. Attorney's Office agrees to not file a Notice, pursuant to 21 U.S.C. § 851, of Defendant's prior felony drug convictions, thereby keeping the statutory mandatory minimum for a conviction on Count One of the Third Superseding Indictment at 10 years in prison. Defendant herein acknowledges that he has at least two prior felony drug convictions that have become final, and that if the United States elected to file such Notice, Defendant would face a statutory mandatory minimum of life in prison without the possibility of release for a conviction on Count One.

C. *Not To Charge Additional Crimes.* Not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of his involvement with drug trafficking as described in the Third Superseding Indictment, provided that Defendant's conduct is fully disclosed to the Government by Defendant or his attorney prior to the date of sentencing. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of sentencing. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

D. *Not To Call As A Witness.* The United States Attorney's Office for the Western District of Michigan agrees to not call Defendant to testify as a witness in the above-captioned case.

7. <u>Defendant Agrees To</u>:

A. *Consent to Forfeiture of Property.* Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of any kind, derived from or acquired as a result of, and/or used to facilitate the commission of, and/or involved in, Defendant's illegal drug trafficking activities. Defendant further agrees to forfeit all rights, title, and interest in and to such items. Defendant specifically agrees to forfeit all rights, title and interest in the accounts, vehicles, and parcels of real property identified in the forfeiture allegation contained in the Third Superseding Indictment in the above-captioned case, all of which has been seized or is subject to seizure by law enforcement officials, and which Defendant herein admits (or does not contest) constitute the proceeds of the illegal cocaine and money laundering activities of others and/or was used to facilitate cocaine trafficking and/or were involved in money laundering transactions. Defendant consents to the entry of a preliminary and final order of forfeiture prior to or after sentencing. Defendant further agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing Defendant's assets, and consents to the entry of an order of forfeiture at or before sentencing with respect to the assets identified in this paragraph and any other traceable property that was used to facilitate his crimes, represents the proceeds of his crimes or was otherwise involved in the criminal activity to which he is pleading.

B. *Waive Direct Appeal and Collateral Attack.* Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States

5

Code, Section 3742. Nevertheless, as a matter of law, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender. Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this plea agreement, including those enumerated in paragraph six (6) of this agreement. Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

8. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must "consult" the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing and that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of his guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the guideline range that applies in this case, but that the Court may fashion a sentence outside the guideline range, and that the sentence imposed is within the sole discretion of the Court. Defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Waiver Of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

  A. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

  B. The right to be presumed innocent and to have the burden of proof placed on the government to prove Defendant guilty beyond a reasonable doubt.

  C. The right to confront and cross-examine witnesses against the Defendant.

  D. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  E. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. <u>The Court Is Not A Party To This Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the

maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one -- not the prosecutor, Defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

11. <u>Agreement Is Limited To The USAO Western District of Michigan</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by Defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

12. <u>Consequences Of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

13. <u>Deadline For Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by close-of-business

Thursday, April 14, 2011, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

14. <u>Agreement Is Voluntarily And Knowingly Made</u>. This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made. Nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

DONALD A. DAVIS
United States Attorney

4-14-11
Date

BRIAN P. LENNON
Assistant United States Attorney

I have read this agreement (and/or it has been read to me), and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

4-14-11
Date

ROBERTO ESPINOSA FARIAS
Defendant

I am Roberto Espinosa Farias's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this

9

agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4-14-11
Date

_____
DONNA J. INNES.
Attorney for Defendant Roberto Espinosa Farias