UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------

ROBERTO ESPINOSA FARIAS,

        Movant,                          No. 1:13-cv-912
                                                (Crim. No. 1:08-cr-274)

        v.

UNITED STATES OF AMERICA,         Hon. Paul L. Maloney
                                                        Chief United States District Judge

        Respondent.
_____/

## GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION

Movant Roberto Espinosa Farias has filed a motion to vacate and set aside his conviction under 28 U.S.C. § 2255, but candidly acknowledges that the motion is "incomplete" insofar as it sets forth only two "potential" issues "to be explored" that "may" give rise to a valid claim for collateral relief. (R. 847, § 2255 Mot., Page ID#9295, 9298.) The Court should dismiss Farias's Section 2255 motion because he waived his right to seek collateral review of his sentence as part of his plea agreement, and that provision bars the two claims that he wishes to "explore." Further, Farias's request for a 60-day stay of this matter should be denied as moot, as 60 days has now elapsed since he filed his motion.

## BACKGROUND

On September 22, 2010, a grand jury in the Western District of Michigan returned a third superseding indictment charging movant Robert Espinosa Farias with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, from the mid-1990s to an unknown date in 2009, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (R.570: Third Superseding Indictment.) Farias obtained over 150 kilograms of cocaine from a Mexican source,

1

which he supplied to Donnie Charles and Charles Jackson, Sr., senior members of the conspiracy in California, who in turn supplied persons in Detroit (many of whom, in turn, supplied the Lansing-based Ahh Dee Ahh drug trafficking organization). (PSR ¶¶ 37-72.)

On April 11, 2011, pursuant to a written plea agreement, Farias pled guilty to the charge (count one of the third superseding indictment). (R.570: Plea Agreement; R.744: Plea Tr.) In the plea agreement, Farias admitted that between the dates set forth in the third superseding indictment (from the mid-1990s to 2009), he acquired over five kilograms of cocaine (the quantity that triggered the ten-year mandatory minimum) and distributed it to Charles Jackson, Sr. and Donnie Charles. (R.570: Plea Agreement ¶ 5.)

In paragraph 7 of the plea agreement, Farias agreed to waive the right to appeal "the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever." (R.570: Plea Agreement ¶ 7, ID#2936.) As a matter of law, Farias retained the right to appeal a sentence that exceeded the statutory maximum or was based upon an unconstitutional factor, such as race, religion, national origin or gender. (*Id.* at ID#2937.) Farias also waived his right to collaterally attack his sentence:

> Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(*Id.* at ID#2937.) Farias acknowledged in the plea agreement that the appeal waiver provision was executed in exchange for "substantial concessions made by the United States Attorney's Office" in the plea agreement, including the government's agreement not to oppose an offense level reduction for acceptance of responsibility, not to file a notice pursuant to 21 U.S.C. § 851

of Farias's prior felony drug convictions, which would have resulted in the mandatory minimum sentence increasing from 10 years to life, not to bring additional charges against Farias, and not to call Farias as a witness in the case. (R.570: Plea Agreement ¶¶ 6, 7.) This last concession was significant to Farias, as he did not wish to testify against his son, Roberto Juan Farias, Jr., who was also charged in the same conspiracy and proceeded to trial the week after Farias pled guilty.[1]

At his plea hearing, Farias admitted that the time frame of the conspiracy was sometime in the middle 1990s and through an unknown date in 2009 (R.744: Plea Tr. 15), and that he had agreed with Donnie Charles to traffic cocaine together in an amount greater than five kilograms. (*Id.* at 16-17.) He also confirmed that he engaged in a single five-kilogram transaction with Charles in February 2008, the details of which were also set forth in the plea agreement. (*Id.* at 18.)

The parties and the Court also discussed at the plea hearing Farias's agreement to waive his right to seek appellate or collateral review of his sentence. Government counsel summarized the appeal and collateral waiver provision as follows: "He is also agreeing to a complete waiver, if you will, of the direct appeal and collateral attack rights. Obviously, if the sentence were over the maximum or was– he was sentenced for any reason that was unconstitutional, he would have that basis, but otherwise it is a complete waiver of his appellate rates [sic, should be "rights"]. (R.744: Plea Tr. 7-8.) The Court also engaged in a colloquy with Farias regarding the waiver provision:

> THE COURT: Do you understand, sir, that your plea agreement contains a waiver of your right to appeal and to collaterally attack your conviction. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: In other words, unless I sentence you

---

[1] Farias, Jr. was found not guilty. (PSR ¶ 27.)

> above the statutory maximum or on some unconstitutional
> factor, such as race or gender or something of that
> nature, you are not going to have a right to appeal my
> sentence. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you are not going to have the right
> to appeal any other—based on any other possible ground
> other than the ones that are contained in the plea
> agreement. Do you understand?
>
> THE DEFENDANT: Yes, I do.

(*Id.* at 15.) The Court concluded that Farias had entered into the plea agreement knowingly and voluntarily. (R.744: Plea Tr. 20-21.)

On November 7, 2011, the Court formally accepted the plea agreement and sentenced Farias. (R.745: Sent. Tr.) The presentence report determined Farias's base offense level to be 38 based on a quantity of drugs of 150 kilograms or more (to which there was no objection), plus a two-level enhancement for possession of a firearm in connection with his drug trafficking. (PSR ¶¶ 92-93.) The probation officer recommended that the Court deny credit for acceptance of responsibility under USSG § 3E1.1 because Farias had minimized his involvement by insisting in his presentence interview that he had only delivered cocaine on two occasions. (PSR ¶ 88.) Farias's counsel objected to both the firearm enhancement and the denial of acceptance credit at sentencing. (R.745: Sent. Tr. 4-12.) The Court overruled Farias's objections and sentenced him to 340 months, within the 324-405 month guideline range. (R.745: Sent. Tr. 2, 25.)

Notwithstanding the plea agreement's appeal waiver provision, on November 21, 2011, Farias filed a notice of appeal. He argued that his sentence constituted cruel and unusual punishment under the Eighth Amendment, and that the appeal fell outside the scope of the appeal waiver because it raised a constitutional issue. The court of appeals enforced the appeal waiver

and dismissed the appeal, finding that the exception to the waiver permitting appeal of a sentence that is "based upon an unconstitutional factor" did not encompass Farias's broad constitutional claim. (R.782: 8/20/12 Sixth Circuit Order, at 2.) The court noted that Farias had not asserted on appeal that the waiver was unknowing or involuntary. (*Id.*) Accordingly, because his appeal did not fall within the exception to the waiver, the court held that it was barred by the express terms of the plea agreement and dismissed it. (*Id.*)

On August 20, 2013, an attorney retained by one of Farias's family members a few days earlier filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (R.847: Section 2255 Mot.) In the motion, counsel acknowledged that he had not yet completed a full review of the evidence, as he had not obtained the file from Farias's trial defense counsel. (*Id.* at 3-4.) He therefore filed the motion for protective purposes, to toll the one-year limitations period. (*Id.* at 1.) The motion sets forth two "potential issues to explore": (1) whether Farias's trial defense counsel should have challenged the presentence report's assessment of three criminal history points for a prior felony drug conviction, which might have fallen outside the 15-year "look-back" window for scoring convictions; and (2) whether Farias's trial defense counsel should have advised him to remain silent and not answer incriminatory questions during his presentence interview. (*Id.* at 4.) As relief, Farias's counsel requested that the Court toll the running of the one-year statute of limitations and grant him 60 additional days in which to file an amended motion. (*Id.*) On August 26, 2013, the Court ordered the government to respond.

5

# ARGUMENT

## I. Standards Governing Motions under 28 U.S.C. § 2255

To obtain relief under 28 U.S.C. § 2255, a movant must show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under § 2255 is reserved for fundamental defects which inherently result in a complete miscarriage of justice, or errors so egregious that they amount to violations of due process. *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The movant must prove the existence of an error of constitutional magnitude that had a "substantial and injurious effect or influence on the guilty plea or jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

In an action to vacate or correct the sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. The statute "does not require a full blown evidentiary hearing in every instance. . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently

incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). "Ordinarily, failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002) (citing Frady). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

## II. Farias's Motion Should Be Dismissed Because He Waived His Right to Challenge His Sentence in a Collateral Attack.

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). The Sixth Circuit has accordingly upheld waivers of collateral attack. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). This holding extends to collateral attack waivers where the defendant claims ineffective assistance of counsel at sentencing. *Davila v. United States*, 258 F.3d 448, 452-53 (6th Cir. 2001). Therefore, a defendant may waive nearly all his rights of appeal and collateral relief in a plea agreement. Of course, a claim attacking the validity of the plea agreement itself would not be barred because such a claim would call into question the

validity of the collateral review waiver. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself").

Here, Farias knowingly and voluntarily entered into a waiver of his right to seek collateral review of his sentence. As the Sixth Circuit found in enforcing the waiver provision and barring his direct appeal, Farias has never claimed that the waiver was unknowingly or involuntarily entered; indeed, the record would belie any such assertion because the government and the Court addressed the waiver provision with Farias at length at his plea hearing to ensure that he understood it. (R.744: Plea Tr. 7-8, 15.) The terms of the waiver except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel, but it does not broadly except ineffective assistance of counsel claims. As set forth above, the Sixth Circuit has recognized that collateral review waiver provisions are enforceable to bar claims alleging ineffective assistance of counsel at sentencing. *Davila*, 258 F.3d at 452-53. Farias identifies only two "potential" issues to explore, both of which relate to alleged ineffective assistance of counsel at sentencing. (Mot. at 4.) Although Farias's counsel candidly concedes that he has not yet even determined whether there is a factual or legal basis for those claims, the Court should find that they are barred by the plea agreement's collateral review waiver provision, in any event.

### III. The Court Should Not Stay this Matter Pending Counsel's Investigation

#### A. Farias Concedes His Motion Does Not Adequately Plead a Claim for Relief

Farias acknowledges that he has not set forth an adequate factual or legal basis for the two claims he generally outlines as worthy of further exploration. (Mot. at 3-4.) Indeed, it is

8

clear that his motion fails to satisfy the basic pleading standard applicable to Section 2255 motions.

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires that "[t]he motion must: (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; [and] (3) state the relief requested...." *Parks v. United States*, No. 1:12-cv-208, 2013 WL 427256, at *5 (E.D. Tenn. Feb. 4, 2013) ("Nevertheless, Parks' factually deficient bare assertion that counsel abandoned all but the suppress[ion] issue is insufficient to meet the pleading requirements for a § 2255 motion as he has failed to provide any factual support for his claim in violation of Rule 2(b) . . . ."); *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (addressing effect of § 2255 movant's failure to submit factual allegations under oath). A petitioner must allege reasonably specific, non-conclusory facts which, if true, would entitle him to relief. *Diaz v. United States*, 2013 WL 469587, at *2 (11th Cir. 2013) (quoting *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002)).

Farias's motion does not meet that pleading standard. He asserts that "one potential issue for review is that former counsel did not challenge the applicability of the prior felony conviction, dated in 1982, even after petitioner was released on parole in 1984, as the 15-years required ended in 1999." (Mot. at 4.) He acknowledges that "[a]llegations were made that petitioner was delivering cocaine since the early 1990's" but states that current counsel wishes to explore that issue "as it may not be sufficient for a witness to state that she was present during those deliveries." (*Id.*) Presumably, counsel is referring to statements made in proffer sessions by co-defendant Regina Cawthorne-Shariff, Donnie Charles's girlfriend. As set forth in the presentence report, Cawthorne-Shariff said she saw Farias approximately 14 times from the early

1990s to 2008; on those occasions, she witnessed Charles pick up large duffel bags full of drugs from Farias, and Farias accept duffel bags full of money. (PSR ¶¶ 58-59.)

Farias did not object to the paragraphs of the presentence report setting forth Cawthorne-Shariff's statements. At sentencing, Farias confirmed that he had had ample opportunity to review the report with his attorney, and that he was satisfied with his attorney's work and representation of him. (R.745: Sent. Tr. 3-4.) He gives no reason in his motion to doubt the accuracy of Cawthorne-Shariff's statements; indeed, at the trial of Farias's co-defendants (which took place prior to Farias's sentencing), Cawthorne-Shariff confirmed their accuracy. (R.771: Trial Tr. 1587-88, ID#6629-30.) Moreover, at his plea hearing, Farias confirmed that the time frame for the conspiracy was mid-1990s to 2009. (R.744: Plea Tr. 15.) In short, Farias supplies no basis for this Court to find that his counsel acted unreasonably in not objecting to the three criminal history points assessed for his prior drug conviction, or that he was prejudiced by the lack of an objection.[2]

The only other issue Farias sets forth as possibly forming the basis of an ineffective assistance of counsel claim has to do with "the reasons why petitioner was placed in an unfortunate situation to have counsel present during his interview with the probation officer, and former counsel not recommend that petitioner remain silent and not answer any questions that could have been incriminatory." (Mot. at 4.) This claim is too vague to facilitate meaningful response. Farias does not set out what information he should have withheld on Fifth Amendment grounds, or how that information prejudiced him. Moreover, given the overwhelming amount of information collected and presented to the probation officer (e.g., reports of proffer interviews

---

[2] Because Farias has not adequately pled his claims, and the motion is subject to dismissal based on the collateral review waiver, the government has not obtained an affidavit from Farias's counsel to address the bare allegations in the motion. Should Farias amend his motion or should the Court otherwise find it useful in resolving the motion, the government will supplement its response with an affidavit.

with Farias, Jackson, Sr., Cawthorne-Smith and others, PSR ¶¶ 51-71), which later was set out in trial testimony from some of those individuals, it is difficult to see how Farias's counsel acted unreasonably in allegedly not advising him to invoke his Fifth Amendment during the presentence interview. Farias has failed to plead facts that, if true, would establish his counsel's performance was deficient or that the performance prejudiced him.

### B. A Stay Is Unnecessary and Unwarranted

Farias's counsel asserts that he filed the Section 2255 motion on behalf of Farias merely as a "protective" filing to ensure that the one-year limitations period is tolled, and requested a 60-day stay of the matter pending his further investigation. That request is now moot because 60 days has elapsed since he filed the motion on August 20, 2013. But there is no basis to stay this action, in any event.

The Antiterrorism and Effective Death Penalty Act sets a one-year statute of limitations for motions under Section 2255. 28 U.S.C. § 2255(f). The statute of limitations will begin to run on one of four dates: (1) when the conviction becomes final, (2) when a new, retroactively applicable right is recognized by the Supreme Court, (3) when an unlawful government impediment to filing a motion under Section 2255 is removed, or (4) when new facts could have been discovered through the exercise of due diligence. *Id.*

Here, the first date—when Farias's judgment became final—is the triggering date. Ordinarily, a criminal conviction will become final upon conclusion of direct review. *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a defendant appeals, his conviction becomes final for purposes of collateral review on the date on which the Supreme Court denies certiorari or, if certiorari was not sought, 90 days from the date on which the court of appeals resolved the appeal. *Clay v. United States*, 537 U.S. 522, 532 (2003). The *Clay* 90-day rule

applies where an appeal is dismissed. *See United States v. Latham*, 527 F.3d 651, 653 (7th Cir. 2008) (applying *Clay* 90-day rule where defendant had dismissed his appeal); *United States v. Parker*, 416 F. App'x 132, 132 (3d Cir. 2011) (same).

The court of appeals dismissed Farias's appeal on August 20, 2012. Farias did not file a petition for writ of certiorari; therefore, the deadline for filing a Section 2255 motion is November 18, 2013 (August 20, 2012, plus 90 days is November 18, 2012, plus one year is November 18, 2013). Significantly, "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). *See also Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001) (quoting *Thomas*); *Owens v. United States*, 2009 WL 3837793, at *1 (W.D. Mich. 2009) (citing *Oleson*). Thus, to the extent that Farias seeks to amend his Section 2255 motion to add new claims after November 18, 2013, those claims would be time-barred.

Finally, there is no legal basis Farias seeks to toll the one-year limitations period. He cites *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), for the proposition that a petitioner is entitled to file a habeas petition as "protection" against the running of the statute of limitations. In *Pace*, the Supreme Court stated in dictum that "[a] prisoner seeking state post-conviction relief might avoid [having a § 2244 petition time barred]… by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416. Here, the Court's *Pace* dictum does not apply, however, because Farias is a federal prisoner seeking relief under 28 U.S.C. § 2255 and has no state remedies to exhaust that would prevent him from otherwise timely filing. Permitting a protective filing to toll expiration of the limitations period here—where the movant has had ample opportunity to request his file and otherwise conduct a diligent investigation of the facts and

12

circumstances that might give rise to a valid Section 2255 motion—would defeat the very purpose of the statute of limitations.

Farias also sets forth no basis for equitable tolling, relief which federal courts grant "sparingly." *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (citing *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)). Courts may equitably toll the statute of limitations if the movant can show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012); *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Farias sets forth no facts to support a finding of diligence or extraordinary circumstances.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss Farias's motion to vacate, set aside, or correct his sentence.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: October 25, 2013

/s/ Jennifer L. McManus
JENNIFER L. MCMANUS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404