UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>-v- )<br>)<br>ROBERTO ESPINOSA FARIAS, )<br>    Defendant. )<br>_____) | No. 1:08-cr-274<br><br>HONORABLE PAUL L. MALONEY |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

      This matter is before the Court on Defendant Roberto Farias' amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 859.) In the motion, Defendant argues that he received ineffective assistance of counsel because his lawyer did not object to the inclusion of an instance of allegedly stale criminal history and did not advise him of his right to remain silent during the presentence interview. The Government argues that the § 2255 motion must be dismissed because Farias waived his right to collaterally attack his sentence in the plea agreement. It also asserts that the ineffective assistance claims fail on their merits. For the reasons discussed below, the motion to vacate, set aside, or correct sentence is **DENIED**.

      Roberto Farias pled guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine pursuant to a plea agreement. The plea agreement contained a waiver provision foreclosing both a direct appeal and collateral attack unless one of two things happened: (1) the sentenced exceeded the statutory maximum, or (2) the sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender. (ECF No. 570.) The plea agreement further stated:

> Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity

of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(ECF No. 570 at PgID #2937.)

Farias brought an Eighth Amendment challenge to his 340-month sentence before the Sixth Circuit Court of Appeals, which dismissed the appeal based on the waiver provision of the plea agreement. (ECF No. 782.) Farias then filed the instant motion, asserting ineffective assistance of counsel. He does not assert that the waiver was not knowingly or voluntarily entered, that his sentence was above the statutory maximum, or that his sentence was based on unconstitutional factors.

The Sixth Circuit, in a published and binding opinion, has determined that a defendant who knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence is precluded from bringing a claim of ineffective assistance of counsel under § 2255 concerning, *inter alia,* counsel's failure to provide effective assistance at sentencing. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Court notes again that Defendant has not asserted that his waiver was unintelligent or involuntary, and the plea agreement language clearly explained that Farias' right to bring a § 2255 motion would be severely curtailed. *See Clinkscale v. United States*, 367 F. Supp. 2d 1150, 1156 (N.D. Ohio 2005).

Defense counsel raises the argument that waivers contained in plea agreements necessarily require the defendant to waive the right to *future* effective assistance of counsel at sentencing, crippling the ability of a defendant to enforce his constitutional right to effective counsel after he or she pleads guilty. While Defendant appears to raise a significant issue, the Court is bound by the published opinions of the Circuit. *Davila* involved the same factual circumstances as this case; Davila waived his right to collaterally attack his sentence in a plea agreement but then brought a § 2255 motion alleging that his counsel was ineffective

for failing to move for a downward departure and object to the application of certain guidelines at sentencing. 258 F.3d at 449-450. Under those circumstances, the Sixth Circuit enforced the waiver and denied the § 2255 petition, declining to address the merits of the petition. *Id.* at 450-51. Because the circumstances here mirror those in *Davila*, this Court must do the same. Defendant has not provided any case law in support of his argument concerning waivers of future effective assistance and does not distinguish *Davila* in any way.

For these reasons, the motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255 is **DENIED** because the Court must enforce the waiver provision of the plea agreement. However, a certificate of appealability is **GRANTED**, as the Court finds that the waiver issue is "'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). A separate judgement shall issue consistent with this Order.

**IT IS SO ORDERED.**


Date:   July 10, 2015                                        /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              Chief United States District Judge