**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: May 17, 2016

Mr. Edmundo Espinoza
Law Offices
4475 Trinity Mills Road
Suite 703568
Dallas, TX 75370

Ms. Jennifer L. McManus
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

      Re: Case No. 15-1864, *Roberto Farias v. USA*
          Originating Case No. : 1:13-cv-00912 : 1:08-cr-00274-21

Dear Sir or Madam,

    The Court issued the enclosed (Order/Opinion) today in this case.

                        Sincerely yours,

                        s/Cheryl Borkowski for Jeanine Hance
                        Case Manager
                        Direct Dial No. 513-564-7035

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

**<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>**

No. 15-1864

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>ROBERTO ESPINOSA FARIAS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td></td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td>THE WESTERN DISTRICT OF</td></tr>
<tr><td></td><td>)</td><td>MICHIGAN</td></tr>
<tr><td>Respondent-Appellee.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

> **FILED**
> May 17, 2016
> DEBORAH S. HUNT, Clerk

O R D E R

Before:  CLAY, GIBBONS, and STRANCH, Circuit Judges.

Roberto Espinosa Farias, a federal prisoner, appeals a district court judgment denying his motion to vacate his sentence under 28 U.S.C. § 2255.  The parties have waived oral argument and we unanimously agree that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In September 2010, a federal grand jury returned a third superseding indictment against Farias, charging him with conspiring to distribute cocaine.  The parties entered into a written plea agreement, and Farias agreed to plead guilty to the charge in exchange for numerous concessions from the government.  As part of the plea agreement, Farias agreed to waive his right to appeal the sentence and the manner in which it was determined except as to "a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender."  He also agreed to waive the right to assert similar sentencing issues under § 2255, "except a challenge that goes to the validity of [the] waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel."

The presentence report recommended that Farias had a total offense level of 40 and a criminal history category ("CHC") of II, resulting in an applicable sentencing guidelines range of 324-405 months of imprisonment.  The district court sentenced Farias to 340 months.  We dismissed Farias's appeal based on the appeal waiver contained in the plea agreement.  *United States v. Farias*, No. 11-2479 (6th Cir. Aug. 20, 2012).

In 2013, Farias filed a § 2255 motion and an amended motion, arguing that the appeal waiver does not bar his claim that counsel was ineffective during the sentencing proceedings because counsel's deficient performance deprived him of his constitutional rights.  Specifically, he argued that trial counsel was ineffective for failing to:  (1) object to the determination that he had a CHC of II because the 1982 conviction relied upon fell outside the fifteen-year window allowed under United States Sentencing Guidelines ("USSG") § 4A1.2(e)(1); and (2) advise Farias of his right to remain silent during the presentence investigation, which resulted in Farias providing false statements that were the basis of a recommendation that he be denied a reduction for acceptance of responsibility.  He alleged that counsel's performance prejudiced him because it resulted in an increased sentencing range from approximately 292-365 months to 324-405 months.  The district court denied the § 2255 motion without addressing the merits of Farias's ineffective-assistance-of-counsel claims, after concluding that he had waived his right to collaterally attack his sentence based on such claims.  However, the district court granted Farias a certificate of appealability on the issue of whether the appeal waiver should bar a claim that counsel was ineffective during sentencing.

Farias reasserts his argument that the waiver language does not bar his claim that counsel was ineffective during the sentencing proceedings.  He also reasserts his claim that counsel was ineffective for failing to object to the CHC II.  Finally, Farias addresses his claim that counsel should have advised him to remain silent during the presentence investigation, but notes that this issue was not certified for appeal.

When reviewing a district court's denial of a § 2255 motion, we review de novo the district court's legal conclusions and will uphold the court's factual findings unless they are clearly erroneous.  *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009).  In order to

obtain relief under § 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

Contrary to Farias's argument, the waiver language he agreed to bars him from pursuing his claims that counsel was ineffective during the sentencing proceedings.  A defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  Further, such a waiver precludes a defendant from bringing an ineffective assistance of counsel claim under § 2255 when the claim does not relate directly to the plea agreement or the waiver.  *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).  When the substance of the appeal challenges the very validity of the waiver or guilty plea, however, a defendant may bring an action under § 2255 despite the waiver. *Acosta*, 480 F.3d at 422–23.

Farias does not argue that counsel's performance resulted in an unknowing or involuntary agreement to the waiver language contained in the plea agreement.  Furthermore, a review of the record establishes that Farias knowingly and voluntarily agreed to the waiver language contained in the plea agreement.  During the plea hearing, the prosecutor reviewed the terms of the plea agreement, including the provision in which he agreed to waive his right to appeal and to collaterally attack his sentence, except as to a sentence above the statutory maximum or a sentence based on impermissible factors.  Thereafter, the district court addressed Farias personally and ensured that he understood the terms set forth in the plea agreement and explained that Farias would not be able to challenge his sentence except for the grounds set forth in the waiver language.  There is simply nothing in the record to suggest that Farias's assent to the waiver provision was unknowing or involuntary.  Farias's attempt to distinguish *Davila* from his case, by arguing that the *Davila* panel relied on the fact that the defendant in that case was an attorney, is unavailing.  Although the court noted that the defendant was an attorney, it also relied on additional evidence to determine that he knowingly and voluntarily agreed to the waiver language contained in his plea agreement, including the fact that the waiver provision was explained to him during his change of plea hearing.  *Davila*, 258 F.3d at 451–52.  Under

No. 15-1864
- 4 -

these circumstances, Farias's waiver is valid.  *See United States v. Murdock*, 398 F.3d 491, 496–99 (6th Cir. 2005).

Farias's attempts to reassert his underlying claims that counsel was ineffective for failing to object to his CHC II and for failing to advise him to remain silent during the presentence investigation are not properly before us because those issues were not certified for appeal.  In addition, Farias argues that the government has ignored a United States Department of Justice policy letter, issued in October 2014, that announced that prosecutors should no longer seek to have defendants waive claims of ineffective assistance of counsel.  However, the letter was issued well after Farias entered his 2011 plea agreement, and the letter allows prosecutors to seek enforcement of previously executed agreements unless counsel's performance prejudiced the defendant or "the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."  Farias has not asserted any ineffective assistance of counsel claims that raise a serious debatable issue that we should resolve.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk