UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,                                     Case No. 1:08-CR-274-21

v.                                                      Hon. Paul L. Maloney
                                                             United States District Judge

ROBERTO ESPINOSA FARIAS,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO SENTENCE MODIFICATION REPORT**

The United States of America concurs with the Probation Office's determination that, based on the existing record, Farias is eligible for a sentence reduction. Farias's original guideline range was 324 to 405 months based on a total offense level of 40, criminal history category II. Under Amendment 782, Farias's new guideline range is 262 to 327 months based on a total offense level of 38, criminal history category II.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Farias pled guilty to Count One of the Third Superseding Indictment before the Court on April 18, 2011. (R.580: Minutes of Change of Plea, PageID.3025.) Count One charged him with conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii). (R.349: Third Superseding Indictment, PageID.1707 – 08.)

In its pre-sentence investigation, the Probation Office determined that Farias should be held responsible for more than 150 kilograms of cocaine. U.S. Probation concluded:

> …Mr. Farias was responsible for a large portion of the drugs sold to Mr. Charles and Charles Jackson, Sr. The drugs were then transported from California and Michigan which were then distributed in the Detroit and Lansing areas. Proffers from Charles Jackson, Sr. and Ms. Cawthorne-Shariff details his involvement in numerous drug transactions with Mr. Charles regarding hundreds of kilograms of cocaine.

(R.1048: PSR, PageID.10707.) Notably, the presentence investigation report did not further specify the quantity of cocaine that Farias was responsible for. This is because the maximum drug quantity for cocaine at the time of Farias's sentencing was 150 kilograms or more and Farias did not contest drug quantity. (R.745: Sentencing Tr., PageID.4884.) The Court adopted the presentence investigation report without change. (R.1049, PageID.10720.)

The Court sentenced Farias to 340 months' incarceration. (R.682: Judgment, PageID.4101.) The Court determined that a sentence within the middle of the guidelines range was appropriate to promote respect for the law, provide just punishment to Farias, and reflect the seriousness of the offense. (R.745: Sentencing Tr., PageID.4905.) At the time of sentencing, Farias had served 25 months of a five-year prison term for a drug conviction in California that constituted relevant conduct to the underlying conspiracy. (*Id.*) The Court determined that § 5G1.3(b) of the guidelines was applicable and stated that it would reduce by 25 months the sentence that it would ordinarily impose for the offense. (*Id.*) The Court then stated that it would normally impose a sentence of 365 months but given the 25-month credit for time Farias had already served on his state conviction, Farias's sentence would be 340 months. (*Id.*, PageID.4906.) The Court also stated that the sentence it imposed should run concurrent to any undischarged term of imprisonment Farias had received from the State of California. (*Id.*, PageID.4905 – 4906.) Notably, the Court's written judgment does not specify that Farias's federal term of imprisonment should run concurrent with his undischarged state term of imprisonment. (R.682: Judgment, PageID.4101.)

Farias filed a pro se motion for a reduction of his sentence pursuant to Guideline Amendment 782 and 18 U.S.C. § 3582(c)(2). (R.1043: 3582 Mot., PageID.10674.) U.S. Probation concluded in its Sentence Modification Report that Farias is eligible for a sentence reduction. U.S. Probation recommended a reduction to 275 months' imprisonment, to be consistent with the middle-of-the-guideline-range sentence the Court originally imposed. (R.1047, PageID.10686.) Farias's counsel states that the middle-of-the-guideline-range sentence should instead be 269 months, after accounting for the 25 months the Court credited Farias under § 5G1.3(b) when it imposed his original sentence. (R.1060: Def.'s Resp. to SMR, PageID.10758.) Farias's counsel further argues that Farias's post-sentencing conduct warrants a lower sentence and asks that the Court impose a sentence of 262 months – the floor of Farias's guideline range. (*Id.*, PageID.10761.) They also request that any amended judgment the Court imposes provide that Farias's federal sentence runs concurrent with his undischarged state sentence. (*Id.*, PageID.10764.)

## II.    LAW & DISCUSSION

Based on the existing record, the government does not dispute that Farias is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). However, whether to grant the sentence reduction, even if Farias is eligible, is a matter left to the Court's discretion. Where, as here, an amended guideline range is lower, the court should consider any applicable § 3553(a) factors to determine whether the reduction that is available is warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010). If, after evaluating the § 3553(a) factors, the Court determines that a reduction for Farias is warranted, it may not impose a sentence lower than 262 months, i.e. the floor of Farias's amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (prohibiting the imposition of sentences below the amended guideline range, except in cases where the defendant previously

received a reduction for substantial assistance); 18 U.S.C. § 3582(c)(2) (requiring reductions to be "consistent with applicable policy statements issued by the Sentencing Commission.")

The government does not believe that the Court should reduce Farias's sentence to the floor of his amended guideline range given the nature and seriousness of the underlying conspiracy and Farias's role in it. U.S. Probation correctly concluded that "Farias was responsible for a large portion of the drugs sold to Mr. Charles [i.e. Donnie Charles] and Charles Jackson, Sr." and that Farias was involved in numerous drug transactions "regarding hundreds of kilograms of cocaine." (R.1048: PSR, PageID.10707.) At sentencing, the Court concluded that Farias "was the conduit between individuals in Mexico and Donnie Charles who transported huge quantities of cocaine into the State of Michigan." (R.745: Sentencing Tr., PageID.4903.) In short, Farias was a supplier to the California cocaine kingpins – Donnie Charles and Charles Jackson, Sr. – who shipped cocaine to Michigan for well over a decade for further redistribution throughout the Eastern and Western Districts of Michigan. Charles Jackson, Sr. reported that he was present during several deliveries from Farias, which included quantities of cocaine of 80 to 100 pounds. (R.1048: PSR, PageID.10706.) Eighty pounds of cocaine equates to 36.2 kilograms.[1] One hundred pounds of cocaine equates to 45.3 kilograms. Regina Cawthorne-Shariff, Donnie Charles's girlfriend, reported that she saw Farias and Charles meet approximately 14 times from the early 1990s to 2008 to exchange cocaine and money. (*Id.*, PageID.10705.) While the existing record makes it impossible to calculate a specific quantity that Farias was involved with, the record leaves no doubt that the quantity he was involved with was quite substantial. The Court keyed in on Farias's role as a supplier at his sentencing:

> And this defendant, as Mr. Lennon points out and the Court concludes, was the conduit between individuals in Mexico and Donnie Charles who transported huge quantities of cocaine into the

---
[1] There are 2.20462 pounds in one kilogram.

> State of Michigan. There is no getting around that. Mr. Farias attempts to minimize, in the Court's judgment, his involvement here. His involvement, in the Court's judgment, based on the presentence report was substantial. And I recognize that he has many individuals in his family who are the next generation from him who have succeeded in law-abiding pursuits. I only pause to think about the number of families that have been destroyed by the controlled substances that Mr. Farias transferred from Mexico to Mr. Charles for ultimate delivery in the Western District of Michigan.
>
> I dare say, based on the quantities involved in this conspiracy, that there are a substantial number of families who have been destroyed by the cocaine that came from California through Mr. Farias into this state.

(R.745: Sentencing Tr., PageID.4903-04.) The government has no basis to dispute Farias's positive post-sentencing conduct, as articulated by his counsel. Rather, the government has re-outlined Farias's role in the cocaine conspiracy here because it is not convinced that a full consideration of all of the § 3553(a) factors warrants a bottom-end guideline sentence for Farias, should the Court rule that he is eligible for a reduction based on the existing record.

Finally, the government has no objection to the Court issuing an amended judgment under Rule 36 to account for its pronouncement at Farias's sentencing that his federal sentence should run concurrently with his undischarged state term of incarceration. "[T]he court may at any time correct a clerical error in a judgment…arising from oversight or omission." Fed. R. Crim. P. 36.

### III. CONCLUSION

Based on the existing record, Farias appears eligible for a sentence reduction. However, the Court must evaluate all § 3553(a) factors to determine whether to reduce Farias's sentence. If it chooses to reduce Farias's sentence, the Court may not impose a sentence less than 262 months. The government also believes that a reduction to the floor of Farias's amended guideline range is unwarranted in light of all of the § 3553(a) factors. Accordingly, the

government urges the Court to impose a sentence within the middle of Farias's amended guideline range, consistent with his original sentence.

                                    Respectfully submitted,

                                    ANDREW BYERLY BIRGE
                                  Acting United States Attorney

Dated: May 25, 2017                      /s/ Joel S. Fauson
                                  JOEL S. FAUSON
                                  Assistant United States Attorney
                                  P.O. Box 208
                                  Grand Rapids, MI 49501-0208
                                  (616) 456-2404