UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>-v-<br><br>ROBERTO ESPINOSA FARIAS,<br>　　　Defendant.<br>_____ | No. 1:08-cr-274-21<br><br>HONORABLE PAUL L. MALONEY |

## OPINION

This matter is before the Court on Defendant Roberto Farias's motion for a reduction of sentence under Amendment 782.[1] (ECF No. 1043.)

Following a guilty plea, Defendant was sentenced to 340 months' incarceration. (ECF No. 682.) The Court determined that a sentence within the middle of the guidelines range was appropriate to promote respect for the law, provide just punishment to Farias, and reflect the seriousness of the offense. (ECF No. 745 at PageID.4905.) At the time of sentencing, Farias had served 25 months of a five-year prison term for a drug conviction in California that constituted relevant conduct to the underlying conspiracy. (*Id.*) The Court determined that § 5G1.3(b) of the guidelines was applicable and stated that it would reduce by 25 months the sentence that it would ordinarily impose for the offense. (*Id.*) The Court then stated that it would normally impose a sentence of 365 months but given the 25-month credit, Farias's sentence would be 340 months.

---

[1] In 2014, the United States Sentencing Commission passed Amendment 782, which lowered the base offense level for most drug trafficking, and Amendment 788, which made Amendment 782 retroactive. *U.S. v. Lucas*, 636 F. App'x 296, 297–98 (6th Cir. 2016).

Farias filed a pro se motion for a reduction of his sentence pursuant to Guideline Amendment 782 and 18 U.S.C. § 3582(c)(2). (ECF No. 1043 at PageID.10674.) The Court's Probation Officer concluded Farias is eligible and recommended a reduction to 275 months' imprisonment, to be consistent with the middle-of-the-guideline-range sentence the Court originally imposed. (ECF No. 1047 at PageID.10686.) Farias was appointed counsel; counsel claims that the middle-of-the-guideline range sentence should instead be 269 months, after accounting for the 25 months the Court credit Farias under § 5G1.3(b) when it imposed his original sentence. (ECF No. 1060 at PageID.10758.) However, Farias's counsel goes one step further—arguing Farias's post-sentencing conduct warrants a lower sentence and asks the Court impose a sentence of 262 months—the floor of Farias's amended guideline range. Counsel also requests that any amended judgment the Court imposes provide that Farias's federal sentence runs concurrent with his undischarged state sentence. (*Id.* at PageID.10764.)[2]

The United States, for its part, essentially agrees with nearly all of what Defendant asks for—but does not believe the Court should reduce Farias's sentence to the floor of his amended guideline range given the "nature and seriousness of the underlying conspiracy and Farias's role in it." (ECF No. 1067 at PageID.10814.) The Court agrees.

When considering all of the § 3553(a) factors, Farias is not entitled to a bottom-end guideline sentence for Farias. Farias played a "substantial" role in a major, international drug

---

[2] At sentencing, the Court stated that the sentence it imposed should run concurrent to any undischarged term of imprisonment Farias had received from the State of California. (ECF No. 745 at PageID.4905–06.) However, the Court's written judgment does not specify that Farias's federal term should run concurrent. (ECF No. 682 at PageID.4101.)

trafficking ring. (ECF No. 745 at PageID.4903–04.) Moreover, at sentencing, the Court was concerned with Farias's "attempts to minimize . . . his involvement." (*Id.*) The Court noted its concerns with the seriousness of Farias's conduct and the wreckage that his (and others') actions left in the Western District of Michigan.

> I only pause to think about the number of families that have been destroyed by the controlled substances that Mr. Farias transferred from Mexico to Mr. Charles for ultimate delivery in the Western District of Michigan. I dare say, based on the quantities involved in this conspiracy, that there are a substantial number of families who have been destroyed by the cocaine that came from California through Mr. Farias into this state.

(*Id.*) The Court remains hopeful that Farias continues on the path to rehabilitation and acknowledges his educational and vocational successes. (*See, e.g.*, ECF No. 1060 at PageID.10758.) However, in light of *all* the § 3553(a) factors, particularly the seriousness of the offense conduct, a bottom-end guideline sentence is most definitely not appropriate.

In sum, the Court finds the 269-month sentence just and appropriate when considering all of the 18 U.S.C. § 3553(a) factors, but does not find Farias's post-sentencing efforts warrant any further reduction from that sentence. Accordingly, the Court will grant Defendant's motion and impose a sentence of 269 months and issue a separate order to that effect.[3] (ECF No. 1043.)

Finally, with respect to Farias's argument that the written judgment should have reflected a sentence concurrent to the then-undischarged state term of imprisonment, the

---

[3] Here's the math: Farias's original guideline range was 324 to 405 months based on a total offense level of 40, criminal history category II. Under Amendment 782, Farias's new guideline range is 262 to 327 months based on a total offense level of 38, criminal history category II. The Court previously determined a sentence of 365 months would be appropriate and then subtracted 25 months to reach a sentence of 340 months. The appropriate starting point here is 294 months; an identical reduction of 25 months results in a sentence of 269 months.

Court agrees. Therefore, immediately preceding this opinion, the Court docketed a corrected judgment providing that the federal sentence commencing on November 7, 2011 must run <u>concurrent</u> with the undischarged state term (subsequently completed in March 2013) as of November 7, 2011. *See* Fed. R. Crim. P. 36 ("[T]he court may at any time correct a clerical error in a judgment . . . arising from oversight or omission.").


Date:  July 27, 2017                               /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge