RECEIVED - KZ
October 30, 2017 1:20 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
jlb Scanned by SB 10/30/17

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,
    Plaintiff/Respondent,

v.

Case No. _____

ROBERTO EXPINOSA FARIAS,
    Defendant/Petitioner.

RE: 1:08-cr-274-21

## MOTION FOR COMPLIANCE

Comes now Defendant/Petitioner, Roberto Espinosa Farias, hereinafter known as Farias, and files this Motion for Compliance under Rule 36 of the Federal Rules of Criminal Procedure.

Faris moves for the Granting of this Rule 36 Motion due to what Farias believes is an error arising from omission or oversight by this court.

## STATEMENT OF FACTS

In July 2017 this court under 18 USC §3582(c)(2) reduced Farias's sentence under a 782 Motion, a retroactive amendment for a reduction in the Sentencing Guidelines by two (2) points, which reduced Farias's Guideline range to 262-327 months under a Criminal History Category of II and a total offense level of 38. Whereupon this court sentence Farias to 269 months.

However, even with this two (2) point sentence reduction under 782, this court, due to omission or oversight per the Governments Plea Agreement with Farias has failed to fulfill said plea agreement. A duty of contract law is due and applicable in the circumstances of this case under Due Process and the plea agreement/contract between the Government and Farias.

## THE PLEA AGREEMENT - PARAGRAPH #6

Per the Plea Agreement between the U.S. Attorney's Office and Defendant Farias as setforth in paragraph 6(A) on pages 3 and 4 of the plea agreement. EXHIBIT "A"

The U.S. Attorney's Office Agreed to not oppose Defendant's request for a two level reduction for his offense level for acceptance of responsibility, but reserved the right to object if it learned of conduct by defendant that was inconsistent with the criteria set forth in teh Commentary to Section 3E1.1 of the Sentencing Guidelines.

Paragraph 6(A) on page four (4) of the Plea Agreement setforth a one (1) level reduction if Farias's adjusted offense level was 16 or greater and Farias had timely notified the prosecution of his intention to enter a guilty plea thereby permitting the government to avoid preparing for trial.

## OMISSION and/or OVERSIGHT

In the submitted plea agreement signed by said perspective parties, the government in its continuation of Paragraph Six (6) on page four (4) the Government "moved" the Court to grant an additional one (1) level reduction if the adjusted offense level is 16 or greater due to Farias' assisting authorities in the investigation or prosecution of his own misconduct by timely notitying the governmnet of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial.

Per the contents of Paragraph Six (6) of the Plea Agreement the Government in said paragraph moved this Court to Grant Farias a one level reduction due to the simple fact that said admission to the charges by Farias in a timely manner, [which Farias's admission was in a very timely manner], would save the Government money and preperation for a trial.

Yet, on the Day of Sentencing the Government failed to file a Motion for a one (1) level reduction in compliance wiht Application Note Number 6 of §3E1.1 of the United States Sentencing Guidelines. (See EXHIBIT "B")

This Court in it's role as a protector to protect Mr. Farias's Due Process rights under the Constitution of the United States of America, out of Omission or Oversight failed to inquire or address the issue of the Governments failure to file such a Motion for a one (1) level reduction due to Farias's FULL compliance with U.S.S.G. §3E1.1(b).

ARGUMENT

Application Note Number Six (6) of the Commentary for §3E1.1 of the U.S.S.G. is very clear in it's language of procedure for courts to adhere too, as practice where a defendant complies with §3E1.1(b) of the U.S.S.G. and defendants offense level is 16 or greater, the court per Application Note No. Six (6) is to reduce the defendants level by one (1) "PRIOR" to the operation of subsection (a) of §3E1.1.

Farias's offense level was greater than 16 and Farias actions fulfilled U.S.S.G. §3E1.1 application note number six (6), as stated therein;

> "...the conduct qualifying for a decrease in offense level subsection (b) will occur particularly early in the case".

In Stinson v. United States, 508 U.S. 36, 37-38, 123 L.Ed.2d 598, 113 S.Ct. 1913, the United States Supreme Court of Appeals held;

> "Commentary and amended commentary to the sentencing guidelines are binding on the courts".

Per Stinson, Application Note Number Six (6) of the Commentary for U.S.S.G. §3E1.1 is binding upon this court and by law Farias is due one level reduction under §3E1.1(b) and §3E1.1 at No. Six (6).

Farias in good faith kept his word and did plead guilty and saved the government time and money in not having to prepare on going to trial with his case. Yes, the court saw fit not to grant Farias a two (2) point reduction under U.S.S.G. §3E1.1(a) for his acceptance of responsibility. Which has nothing to do with the one (1) point reduction in §3E1.1(b) for saving the government time, money and a trial.

Which in all honesty - Farias is of the opinion that he should have received the two (2) points for acceptance of responsibility as he did admit to everything that he "remembered" at that time, [which was Farias being Honest]. If Farias had admitted otherwise, [when in FACT he DIDN'T remember it and said he did THEN HE WOULD HAVE BEEN LYING], so he could not do that and lie. So he told the truth as he honestly remembered at that time.

Come on Your Honor be honest, we are ALL human, in your life time at a Social interest or party where you were with your wife and your having small talk with other guest, has your wife addressed you for confirmation of a fact or something

3

she said you and her talked about over breakfeast etc. and you "being her husband" agreed out loud with her, which saved her embarrassement and KEPT YOU from looking like an idot? Because in REALITY you could NOT remember any such conversation or topic with her at all between you and her. Yet, your wife did tell the truth you just could not remember or recall said topic or conversation at that time. Then, maybe a day or two later out of nowhere you did in fact remember suct a topic or conversation. ***and REMEMBER, you were not under any additional pressure's - it was normal and you could not remember. Just think of the added pressure of being in prison accused of a crime, and facing a long sentence, losing everything you have including your family. Maybe you would NOT be thinking so clearly or remembering as others believe that you should remember. A person cannot do or remember somehhing the brain will not or cannot recall.

CONCLUSION

In July 2017 this court pursuant to Farias's 782 Motion resentenced Farias to 269 months at a within guideline sentence of Offense Level 38 and History Category II.

Using the same formula the court used to arrive at Farias's Original Sentence and re-sentencing in July the writer of this filing shall do his best to apply the same formula.

Farias's ORIGINAL Guideline Sentence was 324-405 months. This Court started with a halfway point between 324 and 405 which was 364.5 which the court rounded off to 365 months, as the courts starting point.

The court then under U.S.S.G. §5G1.3 gave Mr. Farias credit for twenty five (25) months credit served in State custody on a charge related to his Federal Offense.

A positive action by this court in affirming a one (1) level point reduction, or in the alternative to ORDER the Government to file said Motion for a one (1) level point reduction in compliance with the Plea Bargin Agreement.

As, Plea Agreements are "contracts", Santobello v. New York, 404 U.S. 257, 262-263 (1971); Plea Agreements are essential contracts like any other, United States v. Jones, 58 F.3d 688; 133 L.Ed.2d 346 (1995).

Per the Plea Agreement, Farias did in fact fully fulfill U.S.S.G. §3E1.1(b) and saved the government from having to go and/or prepare for trial for Farias.

Therefore, per the Plea Agreement Farias is entitled to a one (1) level point reduction in compliance with Application Note Number Six (6) of U.S.S.G. §3E1.1.

With a offense level reduction of one (1) point from Farias's current level of 38 with a History of II, would put Farias at an offense level of 37 with a History of II with a Guideline Sentence of 235-293.

Using this court's prior formula, the halfway mark between 235 and 293 is 264 months - minus 25 months of state time applicable under U.S.S.G. §5G1.3 would be a sentence of 239 Months; (264-25=239).

If this court would reconsider and also grant the other two (2) points for acceptance of responsibility then the math would put Mr. Farias at level 35 with a History of II the sentence would be 212 months.

RELIEF

For this Honorable Court to invoke Rule 36 of the Fed.R.Crim.P and correct this Omission or Oversight and reduce Farias's current sentence by one point or three altogether if the court agrees with the content and truth as setforth herein this context, as one soul and human being to another in the fraility of memory and how it gets even worse with age for MANY of us.

For the granting of this Motion your Petitioner/Movant shall ever pray.

Respectfully Submitted,

*Roberto E. Farias*

Roberto Expinosa Farias
Reg. No. 74198-012
Federal Correctional Institution
P.O. Box 9
Mendota, California 93640

DATE: October 27, 2017 - Mailing Date

5

Roberto E. Farias
Reg. No. 74198-012
Fed. Correctional Instiution
P.O. Box 9
Mendota, California
93640

7016 1370 0000 0075 8805



U.S. POSTAGE
PAID
MENDOTA, CA
93640
OCT 27, 17
AMOUNT
**$0.00**
R2305H127920-12

1000   49007

⇔74198-012⇔
Clerk Of The Court
U.S. Western District
410 W Michigan AVE
Kalamazoo, MI 49007
United States

Clerk of the Court
U.S. District Court
410 West Michigan Avenue
Kalamazoo, MI
49007

49007

SPECIAL MAIL
LEGAL



# 1

Roberto E. Farias
Reg. No. 74198-012
Federal Correctional Institution
P.O. Box 9
Mendota, California
93640

October 27, 2017

Clerk of the Court
U.S. District Court
410 West Michigan Avenue
Kalamazoo, MI 49007

Dear Clerk;

Please find enclosed herein Defendant/Petitioner Farias's MOTION FOR COMPLIANCE filed under Rule 36 of the Federal Rules of Criminal Procedure.

Once filed, would you please be kind enough to reply to me with the case number assigned to said filing.

Thank you.

Respectfully,

*Roberto E. Farias* (signature)

Roberto E. Farias

# 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERTO ESPINOSA FARIAS,

        Defendant.
_____/

No.1:08-CR-274-21

Hon. Paul L. Maloney
Chief United States District Judge

## PLEA AGREEMENT

The United States of America by and through Donald A. Davis, United States Attorney for the Western District of Michigan, and Assistant United States Attorney Brian P. Lennon, and Defendant Roberto Espinosa Farias, and his attorney, Donna J. Innes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement resolving this matter by a plea of guilty under the following terms and conditions:

1.     <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count One of the Third Superseding Indictment charging him with conspiracy to distribute and possess with the intent to distribute <u>five kilograms or</u> more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2.     <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true: (1) that Defendant conspired or agreed with at least one other person -- including but not limited to Charles Jackson Sr., and Donnie Charles -- to commit the crime of distribution and possession with intent

States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

    A.    That between the dates set forth in Count One of the Third Superseding Indictment, Defendant acquired over five (5) kilograms of cocaine in the State of California and distributed the cocaine to Co-Defendants Charles Jackson, Sr. and Donnie Charles (a/k/a "D").

    B.    That on or about February 17, 2008, in Carson, CA, Co-Defendant Donnie Charles delivered approximately $80,000 in U.S. currency to Defendant, and that this money constituted payment for five (5) kilograms of cocaine.

    C.    That while Defendant has no personal knowledge of how or to whom Charles Jackson, Sr. and Donnie Charles (a/k/a "D") further distributed the cocaine, Defendant cannot dispute the government's allegation that this cocaine was transported by others to the State of Michigan, where it was further distributed in both the Eastern and Western Districts of Michigan, as alleged in the Third Superseding Indictment.

6.     <u>The United States Attorney's Office Agrees:</u>

    A.    *Not To Oppose Acceptance of Responsibility.* Not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that Defendant has assisted authorities in the investigation

3

or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, hereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

B. *Not To File Notice of Defendant's Prior Felony Drug Convictions*. The U.S. Attorney's Office agrees to not file a Notice, pursuant to 21 U.S.C. § 851, of Defendant's prior felony drug convictions, thereby keeping the statutory mandatory minimum for a conviction on Count One of the Third Superseding Indictment at 10 years in prison. Defendant herein acknowledges that he has at least two prior felony drug convictions that have become final, and that if the United States elected to file such Notice, Defendant would face a statutory mandatory minimum of life in prison without the possibility of release for a conviction on Count One.

C. *Not To Charge Additional Crimes*. Not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of his involvement with drug trafficking as described in the Third Superseding Indictment, provided that Defendant's conduct is fully disclosed to the Government by Defendant or his attorney prior to the date of sentencing. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of sentencing. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

D. *Not To Call As A Witness*. The United States Attorney's Office for the Western District of Michigan agrees to not call Defendant to testify as a witness in the above-captioned case.

4

6. Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an ad-ditional 1-level decrease in offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection

(a) and who has assisted authorities in the investigation or prosecution of his own mis-conduct by taking the steps set forth in subsection (b). The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context spe-cific. In general, the conduct qualifying for a decrease in offense level under subsection

(b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty ata sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment undersubsection (b) may only be granted upon a formal motion by the Government at the timeof sentencing. *See* section 401(g)(2)(B) of Public Law 108–21. The government should notwithhold such a motion based on interests not identified in §3E1.1, such as whether the defendant agrees to waive his or her right to appeal.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT "B"