UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - KZ
February 1, 2019 10:51 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
__jlb__ Scanned by /s/ 2/4/19

ROBERTO ESPINOSA FARIAS,
          Movant,

v.

Case No. 1:08-cr-00274-PLM

UNITED STATES OF AMERICA,
          Respondent.

## MOTION TO REDUCE MOVANT'S SENTENCE
## PURSUANT TO 18 USC §3582(c)(2)

Comes now Movant, Roberto Espinosa Farias, hereinafter known as Movant and requests this Court to reduce his Offense Level by three (3) points pursuant to the United States Sentencing Commission's revision of the United States Sentencing Guidelines on April 12th, 2018.

The United States Sentencing Commission pursuant 28 U.S.C. §994(o) as set forth in 18 U.S.C. §3582(c)(2) addressed "Relevant Conduct" in the "Acceptance of Responsibility" Amendment to the end of application note 1(A);

> "but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous."

The commission approved all Amendments which included the revision of the commentary to USSG 3E1.1 as a Guideline for Courts to go by;

> "The Commission has heard concerns that the Commentary to 3E1.1 (particularly the provisions cited above) encourages Courts to deny a reduction in sentence when a defendant pleads guilty and accepts responsibility for the offense of conviction, but unsuccessfully challenges the Presentence Report's Assessments of Relevant Conduct. These commenters suggest this has a chilling effect because defendants are concerned such objections may jeopardize their eligibility for a reduction for acceptance of responsibiliity."

Pursuant to the United States Sentencing Commission revision of USSG 3E1.1 directs a Sentencing Court should not deny a defendant a three (3) point reduction

due to the defendants challenge to the Presentence Report's Assessments of Relevant conduct.

Which is exactly what happened in Movant's sentencing hearing. Where this court based it's decision upon "relevant conduct" based on the Presentence Report and Assessment of Relevant Conduct.

The attached evidence supports a grave error and an unsubstantiated FACT that was entered in a false believe by this court as Fact. Which set forth the following;

> "In addition to that, in Paragraph 71, and I would make this ruling regardless of what Ms. Cawthorne-Shariff has to say, but Ms. Cawthorne-Shariff indicates in Paragraph 71, [PSR] 14 times being wiht Donnie Charles and seeing the defendant between the 1990s and 2008. Now, you might say that somne of those encounters occurred before the dates in the indictment. But again, that is clearly inconsistent with the testimony or statements made by the defendant to the presentence interviewer, which is the Court's probation officer. He cannot falsely deny relevant conduct." (See Exhibit "A")

However, Paragraph 71 of the Presentence Report states verbatim;

> "Mr. Farias was shown a photograph of Ms. Cawthorne-Shariff. Although he could not identify Ms. Cawthorne-Shariff, he stated Mr. Charles brought his girlfriend to their deals." (See Exhibit "B")

During Movant's sentence hearing on November 07, 2011, in error, this court stated at lines 11 and 12 on page eleven (11);

> "He [Farias] cannot falsely deny relevant conduct."

Movant never falsely denied relevant conduct! (Emphasis Added)

Movant's defense attorney out of fear of the court, or fearof upsetting the court, failed to point out and correct the courts misapprehension.

This court was under the erroneous self conclussion that Movant had falsely denied relevant conduct when twelve or more months had elapsed between Movant's statements to policemen in California of where he obtained his supplies from January 1st, 2003 - January 1st, 2004. Then from the begining of 2008 up and into 2009 Movant had a different supplier, and from January 2004 through December2007 Movant did not supply any drugs to Mr. Charles.

These two different statements of different supplies caused the court to assume Movant was denying relevant conduct. Which Movant did not do. Their were different suppliers in different years. Movant abided by the terms of his guilty plea contract.

2

In California Movant was questioned about his supplies in 2003-04 and over twelve months later in an interview with "Miss Skrycki" Movant was questioned about his supplies in Michigan in 2008-09.

## GOVERNMENT BREACH OF PLEA AGREEMENT

Pursuant to the Plea Agreement Contract in this case, if Movant would plead guilty and take responsibility for his actions and not go to trial the Government would not oppose a three (3) point reduction, (1 point for not going to trial, and 2 points for acceptance of responsibility for a total three (3) level reduction.)

The relevant portion of the plea agreement states:

> The United States Attorney's Office Agrees;
> A. Not To Oppose Acceptance of Responsibility, Not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the creteria set forth in Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, hereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

Attached hereto and marked as Exhibit "C" is page Eight (8) from the November 07, 2011 Sentencing Hearing Transcript, where in lines 17-22 Mr. Lennon the Assistant United States Attorney clearly informed this court of the REAL reason the government did not move for a downward departure. The reason given violated Movant's plea agreement with the government due to the governments own actions!

> MR. LENNON: Your Honor, we have-we have identified who we believe is the source, a Mexican national. None of those names resonate with the person we believe. The investigation, unfortunately, for our intents and purposes essentially stopped there. We have an individual's voice we believe is the supplier, because as the Court may recall, there were a number of wire taps out in California, but none of the Tusa, Primo and Diaz name are not ones that we can--for those...reasons there is no downward departure, is none of these names furthered any investigation, in fact, we can't corroborate any of the information.

In part "A" of the plea agreement as set forth on Page Three of this Motion the United States Attorney's Office Agreed and set forth in that agreement the following TERM as stated in this sentence;

> "...the government states that Defendant has assisted authorities in the investigation or prosecution of HIS OWN MISCONDUCT..."

Movant DID FULLY assist authorities in the investigation or prosecution of HIS OWN MISCONDUCT!!!

However, pursuant to Mr. Lennon's statement on page eight (8) of the sentencing transcript the government failed to request a downward departure for Mr. Faris due to the government's own inability to further any investigation.

No where in the Plea-Agreement between the Movant and the Government did the conditions of the Plea Agreement Contract specity, that the Government's failure to confirm the answers given by Movant would be cause or reason for the government to fail to move for a downward departure as formally agreed to by the Government and the Movant. Pursuant to the plea agreement, Movant, had to accept responsibility, not go to trial and pled guilty. All of which Movant Farias did!!

Movant did not go to trial, Movant accepted responsibility, and Movant pled guilty as required in his fulfillment of his guilty plea contract with the United States Government.

Exhibit "C" should be a "Red Herring" to this court and the Government's failure to abide by said Guilty Plea Agreement Contract. With the government going outside the set boundries of said contract and failing to request the point reduction due to the government's own inabiliity to confirm some of Movant's information was no fault of the Movant and should NOT be punished and or denied the point reduction due to actions beyond his control, and in violation of said plea agreement in which the contract of the plea agreement only required under it's term that the Movant "ASSIST AUTHORITIES IN THE INVESTIGATION OR PROSECUTION OF HIS OWN MISCONDUCT". Not the investigation or conduct of other's which is EXACTLY the reason stated by the Government in why Movant was NOT afforded a downward departure. So the government stands in violation of said plea contract based on Mr. Lennon's statement.

CONCLUSION

In April 2018 the United States Sentencing Commission condemned the use of Presentence Report's Assessments of "Relevant Conduct" in the denial of a defendant

4

receiving a reduced sentence under the Commentary of USSG §3E1.1. Even in Movant's plea agreement contract the government set forth that; "the criteria set forth in the Commentary to Section $3E1.1" should be followed and adhered to.

Therefore, Movant respectfully moves this Honorable Court pursuant to the United States Sentencing Commission Amendment to USSG $3E1.1 in April of 2018 of denying a defendant a downward departure due to their Presentence Report's Assessment of "Relevant Conduct", to GRANT Movant's §3582(c)(2) Motion for a reduction in Sentence by a reduction of Three levels or what this Court would considerate approperate.

Respectfully Submitted,

*[signature]*

Roberto Espinosa Farias
Reg. No. 74198-012
Federal Correctional Institution
P.O. Box 9
Mendota, California 93640

This 24 day of January 2019.

Roberto Espinosa Farias
#74198-012
Fed. Correctional Institution
P.O. Box 9
Mendota, CA. 93640



⇔74198-012⇔
Clerk Of The Court
U.S. Western District
410 W Michigan AVE
Kalamazoo, MI 49007
United States

Special mail legal

FEDERAL CORRECTIONAL INSTITUTION, MENDOTA
P.O. BOX 9
MENDOTA, CA  93640
DATE: 1-24-19

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.