UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERTO ESPINOSA FARIAS,

      Defendant.
_____/

Case No: 1:08-CR-274

Hon. Paul L. Maloney
United States District Judge

**RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The Court should deny defendant Robert Espinosa Farias's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (PageID.11034.) Farias seeks a reduction based on Amendment 810, which amended U.S.S.G. § 3E1.1, effective November 1, 2018. As the U.S. Sentencing Commission did not make the amendment retroactive, the Court lacks jurisdiction to grant relief under Section 3582(c)(2).

## **BACKGROUND**

In 2010, Farias pled guilty pursuant to a written plea agreement to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (PageID.2932.) During the course of the offense, Farias obtained more than 150 kilograms of cocaine from a Mexican source, which he supplied to sources in California, who in turn distributed the cocaine to persons in Michigan. (PageID.10706-07.)

In paragraph 6 of the plea agreement, the government agreed "[n]ot to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the sentencing guidelines." (PageID.2934-35.) But the government reserved the right

to object to such a request if it subsequently learned of conduct by Farias that was "inconsistent with the criteria set forth in the Commentary to Section 3E1.1." (*Id.*) The agreement further provided: "*Should the Court grant a two-level reduction as provided herein*, the government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, [t]hereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater." (*Id.*) (emphasis added).

Paragraph 7(B) of the plea agreement included a waiver of appeal and collateral attack: "Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742." (PageID.2936-37.) The agreement noted that, as a matter of law, Farias retained the right to appeal a sentence that exceeded the statutory maximum or was based upon an unconstitutional factor, such as race, religion, national origin, or gender. (PageID.2937.) Farias acknowledged in the plea agreement that the waiver provision was executed in exchange for "substantial concessions made by the United States Attorney's Office." (*Id.*)

At his plea hearing, Farias admitted that the conspiracy began sometime in the middle of the 1990s and continued to an unknown date in 2009. (PageID.4864.) Farias also admitted that in 2008 he had engaged in an $80,000 transaction for the delivery of five kilograms or more of cocaine. (PageID.4865.) At the plea hearing, government counsel summarized the plea agreement's waiver of appeal and collateral waiver provision, emphasizing that it was a "complete waiver" of Farias's appellate rights unless (1) the sentence was above the maximum or (2) Farias was sentenced based on an unconstitutional factor. (PageID.4866-67.) The Court concluded that Farias had entered into the plea agreement knowingly and voluntarily. (*Id.* at PageID.4879-80.)

2

On November 7, 2011, the Court formally accepted the plea agreement and sentenced Farias. (PageID.4882.) The presentence report computed Farias's base offense level at level 38, based on a drug quantity of 150 kilograms or more (to which there was no objection), and recommended a two-level enhancement for possession of a firearm in connection with his drug trafficking, for a total offense level of 40. (PageID.10711.) The probation officer recommended that the Court deny a three-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1 because Farias had minimized his involvement by insisting in his presentence interview that he had only delivered cocaine on two occasions. (PageID.10710.) Farias's counsel objected to both the firearm enhancement and the denial of acceptance credit at sentencing. (PageID.4885-93.) The Court overruled those objections and adopted the presentence report's calculation, resulting in offense level 40, criminal history category II, yielding a guideline range of 324-405 months. The Court selected a sentence in the middle of that range (365 months), but reduced the sentence 25 months to reflect time served on a related state sentence, resulting in a final sentence of 340 months. (PageID.4883, 4906.)

Notwithstanding the plea agreement's waiver of appeal provision, Farias appealed his sentence. He argued that his sentence constituted cruel and unusual punishment under the Eighth Amendment. He did not challenge the denial of acceptance of responsibility. The government moved to dismiss the appeal in light of the appeal waiver. The Sixth Circuit enforced the waiver and dismissed the appeal. (Order, Sixth Cir. 11-2479 (Aug. 20, 2012), PageID.8629-30.)

In 2013, Farias obtained new counsel and filed a motion to vacate and set aside the judgment of conviction under 28 U.S.C. § 2255. (PageID.9458.) Farias asserted that his former counsel was ineffective for failing to object to the use of a prior sentence to increase his criminal history and for allegedly failing to advise Farias that he had a right to remain silent and not answer

incriminating questions during the presentence interview. (PageID.9460.) He did not challenge the denial of acceptance of responsibility. The Court denied Farias's amended § 2255 motion. (PageID.9788.) Relying on *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), the Court upheld the collateral review waiver provision of the plea agreement and emphasized that Farias knowingly and voluntarily entered into the agreement. The court granted Farias a certificate of appealability on the issue of whether collateral review waivers should be enforceable to bar claims challenging the future effective assistance of counsel. (PageID.9790.) The Sixth Circuit affirmed. (Order, Sixth Cir. No. 15-1864 (May 17, 2016), PageID.10435.)

In December 2016, Farias filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782, which reduced most drug offense levels by two levels. (PageID.10674.) The Court granted Farias a reduction of sentence to 269 months. (PageID.10855.) Farias did not appeal that ruling.

In October 2017, Farias filed a pro se "Motion for Compliance" pursuant to Fed. R. Crim. P. 36. (PageID.10968.) He argued that "due to omission or oversight," when the Court calculated his advisory Guidelines range, it failed to reduce his offense level by one level pursuant to the plea agreement and Application Note 6 to U.S.S.G. § 3E1.1. (PageID.10969-70.) He appeared to argue that even though the Court did not grant him a two-level reduction pursuant to § 3E1.1(a) at his original sentencing, he was still entitled to a one-level reduction pursuant to § 3E1.1(b). (PageID.10970.) He read Application Note 6 to § 3E1.1 as stating that the one-level reduction in § 3E1.1(b) is to be applied "PRIOR" to the operation of § 3E1.1(a), that he had satisfied the requirements of § 3E1.1(b), and that the government had promised to move for the one-level reduction. (*Id.*)

The Court denied the motion, finding that the government had not breached the plea agreement and Farias was not entitled to a one-level reduction pursuant to § 3E1.1(b). (PageID.10981.) "Because the Government's promise to move the Court for a one-level reduction was contingent on the Court granting the two-level reduction, there has been no breach of the plea agreement, and there has been no error." (*Id.* at PageID.10982.) The Court explained further that, "[i]n fact, the Government *could not have* moved for a one-level reduction, and the Court did not have the authority to grant one." (*Id.*) (emphasis in original). Summing up, the Court stated: "Farias was not entitled to an additional one-level reduction at the time of sentencing, and nothing has changed in the interim." (*Id.*). The Sixth Circuit affirmed. (ECF No. 1096: Order, Sixth Cir. No. 18-1411 (Nov. 15, 2018), PageID.11001.) In its order, the court of appeals noted that Farias had argued that the 2018 amendments to § 3E1.1 "establish that the district court erroneously concluded that he was not entitled to a sentence reduction based on allegedly false denials of relevant conduct" but said the argument was barred because Farias had not presented it to this Court. (*Id.* at PageID.11003.) Farias subsequently filed the instant motion to reduce his sentence. (ECF No. 1100, Mot., PageID.11034.)

## ARGUMENT

Under 18 U.S.C. § 3582(c)(2), a court may reduce a sentence only when (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017). The "applicable policy statement," incorporated by reference in § 3582(c)(2), is U.S.S.G. § 1B1.10. *United States v. Bonds,* 839 F.3d 524, 529 (6th Cir. 2016). It is binding on the courts, *id.*, and it provides that a reduction of sentence

is only authorized if "the guideline range applicable to [the] defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (d)" of the policy statement. U.S.S.G. § 1B1.10(a)(1). *See also* U.S.S.G. § 1B1.10, comment. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range"). A reduction of sentence is not authorized if "(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Farias seeks relief based on an amendment to the commentary accompanying U.S.S.G. § 3E1.1, which provides for a reduction in a defendant's offense level to reflect his acceptance of responsibility. Effective November 1, 2018, the Sentencing Commission amended Application Note 1(A) to Section 3E1.1, striking "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility," and replacing it with "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous." U.S.S.G. App. C, Amend. 810 at 189 (Nov. 1, 2018 ed.). The Sentencing Commission did not make Amendment 810 retroactive and thus did not include it in the list of amendments in U.S.S.G. § 1B1.10(d) that can provide a basis for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, Amendment 810 provides no relief for Farias, and the Court lacks jurisdiction to alter his sentence under § 3582(c)(2). *See United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("if no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline

range', then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)") (citing U.S.S.G. § 1B1.10(a)(2)(B) ). *Cf. United States v. McMillan*, No. 5:13 CR 449, 2016 WL 1070833, at *1 (N.D. Ohio Mar. 16, 2016) (denying motion to reduce a sentence predicated on a different Guideline amendment for lack of jurisdiction, stating, "[w]here the Sentencing Commission has not made a guidelines amendment retroactive, a defendant may not obtain relief under Section 3582(c)").

For the foregoing reasons, the Court should deny Farias's motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: April 16, 2019

/s/ Jennifer L. McManus
JENNIFER L. McMANUS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

# **CERTIFICATE OF SERVICE**

  I hereby certify that on April 16, 2019, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

  I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

/s/ Jennifer L. McManus
JENNIFER L. MCMANUS
United States Attorney's Office
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

Roberto Espinosa Farias #74198-012
Victorville (USP)
U.S. Penitentiary
P.O. Box 3900
Adelanto, CA 92301