UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                    Plaintiff,  )<br>                                )   No. 1:08-cr-274-21<br>-v-                             )<br>                                )   Honorable Paul L. Maloney<br>ROBERTO ESPINOSA FARIAS,        )<br>                    Defendant.  )<br>                                ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Roberto Farias is serving a 269-month term of imprisonment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (*see* ECF No. 1079). Farias has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 1155). For the reasons to be explained, the Court will deny Farias's motion.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 546 U.S. 522, 526 (2011); *see United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). In the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A), the provision authorizing compassionate release. Prior to the amendments, only the Bureau of Prisons could file a motion with the Court seeking compassionate release. *See, e.g., Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (per curiam). As amended, the statute now permits prisoners to file a motion with the court subject to certain limitations. The statute allows a prisoner to seek relief in the courts

"after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.SC. § 3582(c)(1)(A). The Sixth Circuit interprets the exhaustion requirement as a mandatory claims-processing requirement. *United States v. Alam*, 690 F.3d 831, 833 (6th Cir. 2020).

The compassionate release provision requires (1) a finding of "extraordinary and compelling reasons," for a sentence reduction, (2) a finding that the reduction is consistent with applicable Sentencing Commission policy statements, and (3) a consideration the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020). In *Jones*, the Sixth Circuit found that the policy statement issued by the Sentencing Commission, § 1B1.13, is not applicable to motions filed by prisoners. *Jones*, 980 F.3d at 1108-11. The court stated that, until the Sentencing Commission updates its policy statement to reflect the First Step Act, district courts may "skip" step two of the inquiry. *Id.* at 1111. The decision to grant or deny a motion for compassionate release falls with the district court's discretion. *Id.*

Farias requests compassionate release based on three arguments: (1) increased susceptibility to COVID-19 due to his age and health issues, (2) his positive behavior and rehabilitation in prison, and (3) a change to the prior conviction criteria under which mandatory minimum penalties apply for certain drug traffickers following the passage of the First Step Act. Farias argues that these are "extraordinary and compelling" circumstances justifying his release from imprisonment.

2

At the outset, Farias has not asserted or provided any evidence that he has exhausted his administrative remedies. This failure is in itself grounds for the Court to deny his motion. *See* 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the Court will briefly address his motion on the merits.

Farias has not demonstrated extraordinary and compelling reasons for compassionate release. When considering extraordinary and compelling reasons under the compassionate release provision, this Court looks at the individual defendant's characteristics and underlying health conditions, as well as the situation at the defendant's place of incarceration. *See, e.g., Miller v. United States*, 453 F. Supp. 3d 1062, 1067 (E.D. Mich. 2020) (collecting cases).

First, Farias argues that he is susceptible to a severe case of COVID-19 because of his age[1] and numerous health issues, including prostate issues, diabetes, arthritis, blood pressure issues, liver and kidney problems, glaucoma, and cholesterol issues (*see* ECF No. 1155 at PageID.11591). However, Farias has failed to provide any medical records or proof that he suffers from these medical issues. Without evidence of his medical conditions, the Court will not consider Farias's asserted health issues as an extraordinary and compelling reason for compassionate release. *See United States v. Tomes*, 990 F.3d 500, 504-05 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021)) ("Tomes 'did not provide any records in [his] motion to support that [he] has' chronic asthma. All he provided were a couple of letters from his parents. So the 'district court could have denied [Tomes's] motion

---

[1] The BOP reports that Farias is 67 years old. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 13, 2022).

3

for compassionate release on this basis.'") (internal citations omitted). Moreover, the BOP reports that at MDC Guaynabo, where Farias is currently incarcerated, only two inmates are currently infected with COVID, and 370 have been diagnosed with COVID but have since recovered. *See COVID-19 Cases*, Federal Bureau of Prisons, www.bop.gov/coronavirus (last visited Apr. 13, 2022). The low number of COVID cases at MDC Guaynabo undermines Farias's argument that he is at risk for suffering from a severe case of COVID-19.

Next, Farias argues that the First Step Act changed the prior conviction criteria under which mandatory minimum penalties apply for certain drug traffickers, and subsequent to this change, "neither of [his] prior drug convictions would . . . count for criminal history purposes, nor could they be used to enhance [his] sentence under 21 U.S.C. § 851 (ECF No. 1155 at PageID.11592). Farias is correct that the First Step Act made changes to the mandatory minimum sentences for certain drug traffickers with prior drug convictions. The First Step Act reduced multiple mandatory minimum sentences, and it changed the prior conviction criteria. After the First Step Act, if a defendant who is facing drug-related charges under 21 U.S.C. § 841 also has prior drug-related convictions, in order for the mandatory minimum sentences under § 841 to apply, the offender's prior convictions must meet the new criteria of a "serious drug felony" or a "serious violent felony," rather than any "felony drug offense." *See* Congressional Research Service, The First Step Act of 2018: An Overview (2019).[2]

---

[2] This source is available at https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact =8&ved=2ahUKEwi8ovKl7ZH3AhUlZjUKHbCHA8QQFnoECAQQAQ&url=https%3A%2F%2Ffas.org%2Fsgp%2F crs%2Fmisc%2FR45558.pdf&usg=AOvVaw1W_sEadrXzVDDU7_MPcLn5.

4

However, these changes are not applicable to Farias. Regarding Farias's argument that his prior drug convictions cannot be used to enhance his sentence under § 851, the final presentence report ("PSR") noted that in the plea agreement, the government agreed not to file a notice of prior felony drug convictions pursuant to § 851 (ECF No. 1048 at PageID.10716, ¶ 130). As such, Farias's sentence was not enhanced under § 851.

As for Farias's argument that his prior drug convictions cannot "count for criminal history purposes," the changes in sentencing resulting from the First Step Act do not affect a defendant's criminal history category, which is scored under the Federal Sentencing Guidelines. However, in this argument, Farias also explains how the First Step Act "changed the definition of serious drug felony," (ECF No. 1155 at PageID.11592) which is relevant for mandatory minimum sentences outlined in § 841. Upon review of Farias's motion, the Court believes that Farias seeks to contest his mandatory minimum sentence. He appears to argue that, had he been sentenced after the First Step Act's change to the prior conviction criteria triggering the mandatory minimum sentences under § 841 (again, a prior conviction must now be a "serious drug felony" or "serious violent felony," rather than a "felony drug offense"), his mandatory minimum sentence would have been lower.

However, Farias's argument misses the mark. The PSR indicates that Farias was subject to a mandatory minimum term of imprisonment of 10 years, pursuant to 21 U.S.C. § 841(b)(1)(A)(ii), meaning that Farias's mandatory minimum sentence was not increased based on prior drug convictions (see ECF No. 1048 at PageID.10716, ¶ 128).[3] In other

---

[3] If Farias had one prior qualifying drug conviction, his mandatory minimum sentence would have been 15 years, and if Farias had two or more prior qualifying drug convictions, his mandatory minimum sentence would have been 25 years. 21 U.S.C. § 841(b)(1)(A).

words, Farias's mandatory minimum sentence did not account for any of his prior drug convictions in the first place, whether they met the definition of "felony drug offense" or "serious drug felony."[4] Therefore, this argument is without merit.

That leaves only Farias's argument regarding his rehabilitation and good conduct in prison. The Court commends Farias for completing his GED and numerous courses while incarcerated. Unfortunately, though, rehabilitation "cannot serve as a stand-alone reason" to release an individual from prison. *See United States v. Hunter*, 12 F.4th 555, 563 (6th Cir. 2021) ("Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)). Because Farias's rehabilitation and good conduct in prison is the only argument left standing regarding extraordinary and compelling reasons to reduce his sentence, it alone cannot support his compassionate release.

Lastly, the balance of the § 3553(a) factors weighs against a reduction of sentence. The Court has previously considered the § 3553(a) factors when it granted Farias's motion to reduce his sentence:

> When considering all of the § 3553(a) factors, Farias is not entitled to a bottom-end guideline sentence . . . Farias played a "substantial" role in a major, international drug trafficking ring. Moreover, at sentencing, the Court was concerned with Farias's "attempts to minimize . . . his involvement." The Court noted its concerns with the seriousness of Farias's conduct and the wreckage that his (and others') actions left in the Western District of Michigan.

---

[4] The PSR summarized Farias's criminal history, and although it lists three prior drug-related offenses, he was only awarded three points total (he was awarded zero points for two of those convictions and three points for one of the convictions) toward his criminal history score, which established a criminal history category of II (ECF No. 1048 at PageID.10712-13, ¶¶ 104-107).

6

(ECF No. 1076 at PageID.10854-55) (internal citations omitted). These facts have not changed. Given the § 3553(a) factors, and particularly the seriousness of Farias's offense, the Court finds that there is a continued need for the sentence imposed.

Accordingly,

**IT IS HEREBY ORDERED** that Farias's motion for compassionate release (ECF No. 1155) is **DENIED.**

**IT IS SO ORDERED.**

Date: April 14, 2022                             /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge